# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LIME CREEK AG TRANSPORT, LLC, | ) |
| ALEXIS SYLVESTER HOLTON, MELISSA | ) |
| H. FOLSOM, LLC d/b/a FOLSOM | ) |
| TRUCKING, HANK FOLSOM, individually | ) |
| and d/b/a HANK FOLSOM TRUCKING, | ) |
| LLC, HANK FOLSOM PRODUCE, LLC, and | ) |
| AMY BROWN | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Owners Insurance Company ("Owners" or "Plaintiff") files this Complaint for a Declaratory Judgment, respectfully showing this Court as follows:

## SUMMARY OF ACTION

1.

This Declaratory Judgment Action arises out of claims for damages made by Defendant Amy Brown ("Brown") in connection with a November 24, 2021 automobile accident (the "Accident") that occurred in State Route 408 South in Monroe County, Georgia.

2.

On October 4, 2022, Brown filed a lawsuit with respect to the Accident in the Superior Court of Worth County, Georgia styled *Amy Brown v. Melissa H. Folsom, LLC*, Civil Action File No. 22CV0179 (the "Underlying Action"). Brown subsequently amended her Complaint in the Underlying Action to name Alexis Sylvester Holton ("Holton") and Lime Creek AG Transport LLC ("Lime Creek"), as well as Melissa H. Folsom, LLC d/b/a Folsom Trucking, Hank Folsom, individually and d/b/a Hank Folsom Trucking, LLC, and Hank Folsom Produce, LLC (collectively, the "Folsom Defendants").

3.

Brown alleges in the Underlying Action that both the Folsom Defendants and Lime Creek are vicariously liable for the Accident given Holton's status as an employee and given each entity's alleged ownership of the involved vehicle (the "Vehicle"). Plaintiff additionally asserts that Lime Creek and the Folsom Defendants were independently negligent pursuant to Georgia Motor Carrier laws and regulations and otherwise by virtue of their supposed failure to properly qualify, train, supervise, and monitor Holton and inspect the Vehicle.

4.

Progressive Mountain Insurance Company ("Progressive") defended Lime Creek, the Folsom Defendants, and Holton pursuant to an insurance contract and

recently tendered the limit of such contract to Brown in exchange for a limited liability release as contemplated by Georgia law.

5.

Following Progressive's tender, Owners seeks a declaration that it is not obligated to defend or indemnify Lime Creek, Holton, or the Folsom Defendants pursuant to Commercial Auto Policy no. 50-027-361-00 issued to Lime Creek for the policy period October 21, 2023 to October 21, 2024 (the "Insurance Contract"), both because neither Holton or the Folsom Defendants are insureds, and also given the late notice of Lime Creek, Holton, and the Folsom Defendants.

## PARTIES, JURISDICTION AND VENUE

6.

Plaintiff Owners Insurance Company is an Ohio corporation with its principal place of business in Lansing, Michigan, and thus a citizen of both Ohio and Michigan.

7.

Lime Creek AG Transport, LLC is a Georgia limited liability company with its principal place of business in Arabi, Georgia.  Upon information and belief, its members are residents of and domiciled in Georgia and are Georgia citizens.  Lime Creek is thus a citizen of Georgia.  Lime Creek may be served via its registered agent, Robert B. Greene, at 215 East 1st Street, Arabi, Georgia 31712.  Lime Creek

is subject to the jurisdiction of this court and venue as to it is proper pursuant to 28 U.S.C. § 1391(b)(2).

8.

Melissa H. Folsom, LLC d/b/a Folsom Trucking is a Georgia limited liability company with its principal place of business in Sylvester, Georgia. Upon information and belief, its members are residents of and domiciled in Georgia and are Georgia citizens. Melissa H. Folsom, LLC is thus a citizen of Georgia. Melissa H. Folsom, LLC may be served via its registered agent, Melissa H. Folsom, at 2377 Georgia Highway 112 N., Poulan, Georgia 31781. Melissa H. Folsom, LLC is subject to the jurisdiction of this court and venue as to it is proper pursuant to 28 U.S.C. § 1391(b)(2).

9.

Hank Folsom Produce, LLC is a Georgia limited liability company with its principal place of business in Arabi, Georgia. Upon information and belief, its members are residents of and domiciled in Georgia and are Georgia citizens. Hank Folsom Produce, LLC is thus a citizen of Georgia. Hank Folsom Produce, LLC may be served via its registered agent, Hank Folsom, at 245 First Street, Arabi, Georgia 31714. Hank Folsom Produce, LLC is subject to the jurisdiction of this court and venue as to it is proper pursuant to 28 U.S.C. § 1391(b)(2).

10.

Hank Folsom, individually and d/b/a Hank Folsom Trucking, LLC, is a citizen of Georgia and a resident of and domiciled in Crisp County, Georgia and may be personally served at 245 First Street, Arabi, Georgia 31714.  Hank Folsom is subject to the jurisdiction of this court and venue as to him is proper pursuant to 28 U.S.C. § 1391(b)(2).

11.

Alexis Sylvester Holton is a citizen of Georgia and a resident of and domiciled in Houston County, Georgia and may be personally served at 2220 U.S. Highway 41 S, Perry, Georgia 31069.  Holton is subject to the jurisdiction of this court and venue as to him is proper pursuant to 28 U.S.C. § 1391(b)(2).

12.

Amy Brown is a citizen of Georgia and a resident and domiciled in Crisp County, Georgia and may be personally served at 2762 Highway 41 S., Apt. 1, Cordele, Georgia 31015.  Brown is subject to the jurisdiction of this court and venue as to her is proper pursuant to 28 U.S.C. § 1391(b)(2).

13.

Owners Insurance files this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

14.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Owners and Defendants, and the amount in controversy exceeds $75,000, exclusive of costs.

15.

Venue is proper in the Macon Division of the United States District Court for the Middle District of Georgia.

**OWNERS' INSURANCE CONTRACT**

16.

Owners issued the Insurance Contract, Commercial Auto Policy no. 50-027-361-00, for the policy period October 21, 2021 to October 21, 2022. The named insured is "LIME CREEK AG TRANSPORT LLC." The Policy contemplates a combined liability limit of $1 million each accident for "COVERED AUTOS SYMBOL" 1, "Any **Auto**." The Vehicle is not identified in the Policy Declaration's "SCHEDULE OF COVERED AUTOS," and Holton is not a scheduled driver.

17.

The Insurance Contract provides, in relevant part:

    **SECTION II – COVERED AUTOS LIABILITY COVERAGE**

    A.    **COVERAGE**

        **We** will pay all sums an **insured** legally must pay as damages because of **bodily injury** or **property damage** to which this

insurance applies, caused by an **accident** and resulting from the ownership, maintenance or use of a covered **auto** as an **auto**.

*** 

### SECTION V – CONDITIONS

**A.   LOSS CONDITIONS**

    **1.   Duties in the Event of Accident, Claim, Suit or Loss**

        **We** have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

        **a.**   In the event of **accident**, claim, **suit** or **loss**, an **insured** must give us or our authorized representative prompt notice of the **accident** or **loss**, including:

            **(1)** How, when and where the **accident** or **loss** occurred;

            **(2)** The **insured's** name and address; and

            **(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

        **b.**   Additionally, the **insured** and any other involved **insured** must:

            **(1)** Immediately send **us** copies of any request, demand, order, notice, summons or legal paper received concerning the claim or **suit**.

            **(2)** Cooperate with **us** in the investigation or settlement of the claim or defense against the **suit.**

18.

The Policy includes a **"MOTOR CARRIER ENDORSEMENT"** which provides, in relevant part:

For any operations you engage in as a motor carrier, the policy is changed as follows:

**A.    SECTION II – COVERED AUTOS LIABILITY COVERAGE** is amended for purposes of this endorsement only.

1. Who Is An Insured is deleted and replaced by the following:

**1.    Who Is An Insured**

**a.**    The following are insureds:

**(1)    You** for any covered **auto**.

**(2)**    Anyone else while using, with **your** permission, a covered **auto** (that is not a trailer) **you** own, lease, hire, rent or borrow except:

**(a)**    1)    The owner or anyone else, from whom such covered **auto** is leased, hired, rented or borrowed; or

2)    Any **employee**, agent or driver of the owner or anyone else, from whom such covered **auto** is leased, hired, rented or borrowed.

\*\*\*

**(8)** Anyone liable for the conduct of an **insured** described in **A.1.a.(1)** through **A.1.a.(7)**, only to the extent of that liability.

\*\*\*

**b.** However, none of the following is an **insured**:

**(1)** Any **motor carrier** for hire or his or her agents or **employees**, other than **you** and **your employees**:

**(a)** If the **motor carrier** is subject to motor carrier insurance requirements and meets them by a means other than **auto** liability insurance.

**(b)** If the **motor carrier** is not insured for hired **autos** under an **auto** liability insurance form that insures on a primary basis the owners of the **autos** and their agents and **employees** while the **autos** are leased to that **motor carrier** and used in his or her business.

\*\*\*

E. **SECTION VI – DEFINITIONS** is amended for purposes of this endorsement only.

\*\*\*

**2.** The following definition is added.

**Motor carrier** means a person or organization providing transportation by **auto** in the furtherance of a commercial enterprise.

- 9 -

## PROGRESSIVE'S INSURANCE CONTRACT

19.

Progressive agreed to provide coverage in the Underlying Action pursuant to Progressive commercial automobile policy no. 954177004 issued for the policy period September 24, 2021 to September 24, 2022 (the "Progressive Insurance Contract"). The Progressive Insurance Contract's "Auto coverage schedule" identifies the Vehicle.

20.

No portion of the Progressive Insurance Contract insures the Folsom Defendants for hired autos. Instead, the Progressive Insurance Contract contemplates coverage only for an "insured auto," defined to include either an auto described in the Declarations or additional auto the Folsom Defendants own.

## THE ACCIDENT AND BROWN'S CLAIMS

21.

The Accident occurred on November 24, 2021 when Holton lost control of the Vehicle, a 2018 Volvo VN. on State Route 408 South in Monroe County, Georgia, striking a guardrail and a Department of Transportation Pole before jackknifing and coming to a rest in a ditch. Brown, a passenger in the Vehicle, was seriously injured in the crash.

22.

According to the Georgia Motor Vehicle Crash Report completed in connection with the Accident, "Melissa Folsom LLC" owned or leased the vehicle.

23.

In fact, Lime Creek owned the Vehicle and leased it to Melissa H. Folsom, LLC pursuant to a written lease contract.

24.

Brown initially filed suit against Melissa H. Folsom, LLC on October 4, 2022. Plaintiff did not name any additional defendants at that time.

25.

Following some discovery, Plaintiff filed her Amended Complaint on November 17, 2023, adding Holton as a Defendant along with multiple entities Plaintiff claims are vicariously liable for Holton's conduct and were negligent in connection with the Accident by virtue of their status as motor carriers. Specifically, Plaintiff names the Folsom Defendants: Melissa H. Folsom, LLC d/b/a Folsom Trucking, Hank Folsom, individually and d/b/a Hank Folsom Trucking, LLC, and Hank Folsom Produce, LLC. Plaintiff also names Lime Creek.

26.

Brown alleges that both the Folsom Defendants and Lime Creek are vicariously liable for the Accident given Holton's status as an employee and given each entity's alleged ownership of the Vehicle.

27.

Brown asserts that Lime Creek and the Folsom Defendants were independently negligent pursuant to Georgia Motor Carrier laws and regulations and otherwise by virtue of their supposed failure to properly qualify, train, supervise, and monitor Holton and inspect the Vehicle.

## COUNT I
## DECLARATORY JUDGMENT
## NO DEFENSE OR INDEMNITY OBLIGATION EXISTS AS TO HOLTON

28.

Owners Insurance repeats and realleges the foregoing paragraphs as if fully set forth herein.

29.

The "MOTOR CARRIER ENDORSEMENT" of the Insurance Contract modifies the definition of "insured" at Part A.1.a. of Section II, "COVERED AUTOS LIABILITY COVERAGE," so as to include, among others, "[a]nyone else while using, with your permission, a covered auto (that is not a trailer) you own, lease hire, rent or borrow …."

30.

However, both the owner and any employee, agent, or driver of the owner are excluded from this definition.

31.

Plaintiff alleges that Lime Creek owned the Vehicle.

32.

Plaintiff also pleads that Holton was a Lime Creek employee.

33.

Holton is not an insured and not entitled to coverage, therefore.

34.

Moreover, and even assuming Holton was an employee of one or more of the Folsom Defendants, rather than Lime Creek, no coverage exists as to Holton.

35.

Part A.1.b.(1) of Section II of the Insurance Contract provides, as modified via the "MOTOR CARRIER ENDORSEMENT," that "insured" does *not* include "[a]ny motor carrier for hire or his or her agents or employees, other than you and your employees …."

36.

To the extent Holton was the employee of one or more of the Folsom Defendants, therefore, coverage is unavailable as to Holton.

## COUNT II
## DECLARATORY JUDGMENT
## NO DEFENSE OR INDEMNITY OBLIGATION
## EXISTS AS TO THE FOLSOM DEFENDANTS

37.

Owners repeats and realleges the foregoing paragraphs as if fully set forth herein.

38.

Part A.1.a.(8) of Section II of the Insurance Contract, as modified by the "MOTOR CARRIER ENDORSEMENT," provides that "anyone liable for the conduct of an insured" is also an insured to the extent of that liability.

39.

Brown does not allege that the Folsom Defendants are liable for the conduct of any insured, including because, as set forth above, Holton is not an insured.

40.

Coverage is unavailable as to the Folsom Defendants, therefore.

41.

Part A.1.b.(1) of Section II of the Insurance contract further provides, as modified via the "MOTOR CARRIER ENDORSEMENT," that "insured" does *not* include "[a]ny motor carrier for hire or his or her agents or employees, other than you and your employees," if that motor carrier is either "subject to motor carrier

- 14 -

insurance requirements and meets them by a means other than auto liability insurance" or "if the motor carrier is not insured for hired autos under an auto liability insurance form that insures on a primary basis the owners of the autos and their agents and employees while the autos are leased to that motor carrier and used in his or her business."

42.

No portion of the relevant Progressive insurance contract insures any of the Folsom Defendants for hired autos as specified by Part A.1.b.(1)(b). Instead, the Progressive Policy contemplates coverage only for an "insured auto," defined to include either an auto described in the Declarations or additional auto the Folsom Defendants own.

43.

Again, therefore, coverage is wholly unavailable as to the Folsom Defendants under the Insurance Contract.

### COUNT III
### DECLARATORY JUDGMENT
### LATE NOTICE BY LIME CREEK, HOLTON, AND THE FOLSOM DEFENDANTS BARS COVERAGE

44.

Owners repeats and realleges the foregoing paragraphs as if fully set forth herein.

45.

Section V of the Insurance Contract, "CONDITIONS," Part A., "LOSS CONDITIONS," specifies., among other things, that "prompt notice of the accident" must be provided to Owners.

46.

Although the Accident occurred on November 24, 2021, Owners did not receive notice of the same from Lime Creek until January 10, 2024, more than two years later.

47.

Lime Creek, Holton, and the Folsom Defendants therefore provided late notice under Georgia law so as to eliminate coverage under the Insurance Contract, including given the availability of other insurance.

48.

Although, ordinarily, late notice is not a coverage defense available to an insurer in the automobile liability context, an insurer may rely upon a notice provision where evidence of other insurance coverage contemplating at least minimum state limits is available. *State Farm Mutual Automobile Insurance Company v. Drawdy,* 217 Ga. App. 236, 239, 456 S.E.2d 745, 747 (1995).

49.

Coverage is available from Progressive in the amount of $1,005,000.00, far in excess of the minimum limit contemplated by Georgia law.

WHEREFORE, Owners respectfully requests that this Court (1) enter a Declaratory Judgment in Owners' favor declaring that Holton is not entitled to a defense or indemnity under the Insurance Contract; (2) enter a Declaratory Judgment in Owners' favor declaring that the Folsom Defendants are not entitled to a defense or indemnity under the Insurance Contract; (3) enter a Declaratory Judgment in Owners' favor declaring that late notice on the part of Lime Creek, Holton, and the Folsom Defendants bars coverage; (4) grant a trial by jury; and (5) award such other and further relief as this Court deems just and proper.

Respectfully submitted this 9th day of April, 2025.

**KERSHAW LAW LLC**

1 Concourse Pkwy Ste 800
Atlanta, Georgia 30328
404-458-8191 main phone
470-344-0958 direct dial
*jeff@kershaw-law.com*

**/s/ Jeffrey A. Kershaw**
**JEFFREY A. KERSHAW**
Georgia Bar No. 159054

*Counsel for Plaintiff Owners Insurance Company*