# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **OWNERS INSURANCE COMPANY,**  *Plaintiff,*  v.  **LIME CREEK AG TRANSPORT, LLC,** *et al.*,  *Defendants.* | **CIVIL ACTION NO.**  **5:25-cv-00150-TES** |

## ORDER GRANTING MOTION TO TRANSFER

Before the Court is Defendant Amy Brown's Motion to Transfer [Doc. 11] this case to the Albany Division. Plaintiff Owners Insurance Company filed this declaratory judgment action seeking a declaration as to whether it owes a duty to defend or indemnify certain parties[1] in an underlying personal injury action brought by Defendant Brown in the Superior Court of Worth County, Georgia. *See* [Doc. 1].

The parties agree that the case was properly filed in the Middle District of Georgia, but Defendant Brown moves to transfer it to the Albany Division under either Local Rule 3.4 or 28 U.S.C. § 1404(b). *See* [Doc. 11]; LR 3.4, MDGa. Having weighed the

---

[1] Owners argues that because they are not insureds under the policy and because it received late notice of the underlying action, it owes no duty to defend or indemnify Defendants Lime Creek Ag Transport, LLC, Alexis Sylvester Holton, Melissa H. Folson, LLC d/b/a Folsom Trucking, Hank Folsom, individually and d/b/a Hank Folsom Trucking, LLC, and Hank Folsom Produce, LLC. *See* [Doc. 1, ¶ 5].

required factors and determined that transfer is appropriate under § 1404, the Court **GRANTS** Defendant Brown's Motion [Doc. 11].

## LEGAL STANDARD

A district court may transfer any action under 28 U.S.C. § 1404(b) "from the division in which [it is] pending to any other division in the same district." Intra-district transfers under § 1404(b) are subject to the same analysis as inter-district transfers under § 1404(a). *See AGSouth Genetics LLC v. Terrell Peanut Co.*, No. 3:09-CV-93 (CDL), 2009 WL 4893588, at *2 (M.D. Ga. Dec. 9, 2009).

Section 1404(a) authorizes district courts to "transfer any civil action to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a); *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). This statute "places the decision of whether a motion for change of venue should be granted within the sound discretion of the court." *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 284 (N.D. Ga. 1983). In deciding whether transfer is appropriate, a court must engage in a two-step inquiry. *Merswin v. Williams Cos.*, No. 1:08-CV-2177-TWT, 2009 WL 249340, at *5 (N.D. Ga. Jan. 30, 2009).

First, a court should determine whether the action could have been brought in the district where the movant seeks to have it transferred. *Internap Corp. v. Noction Inc.*, 114 F. Supp. 3d 1336, 1339 (N.D. Ga. 2015). Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the

district is located[.]" 28 U.S.C. § 1391(b)(1). And a defendant is "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" § 1391(c)(2).

Second, if the action could have been brought in the proposed venue, a court should "assess whether convenience and the interest of justice require transfer to the requested forum." *Carucel Invs., L.P. v. Novatel Wireless, Inc.*, 157 F. Supp. 3d 1219, 1223 (S.D. Fla. 2016). In making that assessment, a court should consider nine factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). There is no "mechanical test" for a court to employ when considering these factors; rather, a court must engage in "an individualized case-by-case consideration of convenience and fairness." *Irwin v. Zila, Inc.*, 168 F. Supp. 2d 1294, 1296 (M.D. Ala. 2001).

In doing so, a court must keep in mind that the burden is on the movant to show that, in light of those factors, transfer is appropriate. *Martin v. S.C. Bank*, 811 F. Supp. 679, 683 (M.D. Ga. 1992). To satisfy this burden, the movant must do more than show that "the transfer would merely shift inconvenience from one party to the other" or that

"the balance of all factors is but slightly in [their] favor[.]" *Bell v. K Mart Corp.*, 848 F. Supp. 996, 998 (N.D. Ga. 1994).

## DISCUSSION

The Court considers Defendant Brown's arguments in reverse order, beginning with her request to transfer under § 1404(b). *See* [Doc. 11, Section II.B]. Because transfer is warranted under § 1404, the Court need not decide whether it is mandated by Local Rule 3.4. *See* [*id.* at Section II.A].

### A.     Motion to Transfer Under 28 U.S.C. § 1404(b)

The parties don't dispute that this action could have originally been brought in the Albany Division. *See* [Doc. 13, p. 5]; *Internap Corp.*, 114 F. Supp. 3d at 1339. The Court agrees. *See* 28 U.S.C. § 1391(b). Therefore, to decide whether transfer is appropriate, the Court must weigh the *Manuel* factors detailed above. *See Manuel*, 430 F.3d at 1135 n.1.

#### 1.     The Convenience of the Witnesses and the Availability of Process

The convenience of witnesses and the availability of process to compel the attendance of unwilling witnesses—the first and fifth *Manuel* factors—are neutral. *See Manuel*, 430 F.3d at 1135 n.1. Witness convenience is the most important factor in considering a motion to transfer, especially with respect to non-party witnesses who are not presumed to be willing to testify in a forum far from their home. *See Ramsey v. Fox News Network, LLC*, 323 F. Supp. 2d 1352, 1356 (N.D. Ga. 2004). However, the moving

4

party must make a specific showing of inconvenience to the witnesses. *See Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 842 F. Supp. 2d 1360, 1366 (N.D. Ga. 2012).

Defendant Brown speculates that "[p]erhaps an employee or agent of Lime Creek" may "have relevant testimony to offer," but she has not made the required showing and concedes that witness testimony is unlikely to be needed at all. [Doc. 11, p. 7]. The Court agrees. This declaratory judgment action is unlikely to require much in the way of witness testimony, but to the extent that it will, process to compel the attendance of unwilling witnesses is equally available in both Macon and Albany. Thus, these factors are neutral.

### 2.     Location of and Access to Documents and Evidence

"The second [*Manuel*] factor examines the sources of documentary proof and other tangible materials, and the ease [with] which the [p]arties can transport them to trial." *United States ex rel. Fla. v. ApolloMD Inc.*, No. 1:17-cv-20012-KMW, 2020 WL 10181736, at *6 (S.D. Fla. Aug. 3, 2020). However, "[i]n the dawn of the electronic age, 'this factor is not particularly significant given the widespread use of electronic document production.'" *Fine Agrochems. Ltd. v. Stoller Enters., Inc.*, No. 7:19-cv-28 (HL), 2020 WL 1000551, at *4 (M.D. Ga. Mar. 2, 2020) (citation omitted).

Defendant Brown argues that the only fact likely to be disputed in this action is Lime Creek's alleged late notice of the claim, and all documents and evidence relevant to that dispute are likely in the possession of Lime Creek in the Albany Division. *See*

5

[Doc. 11, p. 8]. However, she doesn't explain why any relevant documents can't be produced electronically. *See* [*id.*]. The Court is confident that any documents relevant to this action can be, making their physical location irrelevant. Thus, the second factor is neutral.

### 3. The Convenience of the Parties

The convenience of the parties—the third *Manuel* factor—weighs slightly in favor of transfer. *See Manuel*, 430 F.3d at 1135 n.1. "The logical starting point for analyzing the convenience of the parties" is to consider their residences. *United States ex rel. Permenter v. eClinicalWorks, LLC*, No. 5:18-cv-382 (MTT), 2022 WL 906204, at *3 (M.D. Ga. Mar. 28, 2022) (citation omitted). All Defendants who reside in Georgia reside in the Albany Division, while Owners is headquartered in Lansing, Michigan. [Doc. 11, p. 2 n.1]; [Doc. 1, ¶ 6].

Owners argues that the Macon Division is only 27 miles further from Defendant Brown's residence than the Albany Division, so keeping this case in the Macon Division would not be so "inconvenient as to merit a transfer and to disturb Owners' choice of forum." [Doc. 13, p. 8]. Owners doesn't address the fact that Defendant Brown "is a quadriplegic as a result of the [underlying car accident] and thus requires significant accommodation for travel," which undercuts Owners' argument. [Doc. 11, p. 8]; *see* [Doc. 13, p. 8]. Although this action is unlikely to require physical appearance for

hearings or a trial, as discussed above, in the event that any proceedings do occur in person, the Albany Division imposes fewer travel burdens on the Defendants.

Moreover, if the plaintiff does not reside where the action is pending, this fact militates in favor of a transfer where the defendant resides, because the plaintiff will have to travel whether the action is transferred or not. *Rigby v. Flue-Cured Tobacco Co-op Stabilization Corp.*, No. 7:05-CV-122, 2006 WL 1312412, at *3 (M.D. Ga. May 11, 2006). The Court concludes that Owners will not face any unnecessary inconvenience because it would have to travel outside of its home district whether it remains here in Macon or not. Because Owners does not reside in the Macon Division and most of the parties reside in the Albany Division, the Court finds that this factor weighs in favor of transfer.

### 4. Plaintiff's Choice of Forum and the Locus of Operative Facts

Relatedly, the Court does not give Plaintiff's choice of forum—the eighth *Manuel* factor—much weight in this case. *See Manuel*, 430 F.3d at 1135 n.1. Generally, there is "a strong presumption against disturbing plaintiffs' initial forum choice." *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1100 (11th Cir. 2004) (citation omitted). However, where a plaintiff has chosen a forum that is not its home, less deference is required. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981). Owners is not at home in the Macon Division, and the events giving rise to this action don't seem to have occurred here either. *See Clinton v. Sec. Benefit Life Ins. Co.*, No. 19-24803-

7

CIV, 2020 WL 6120565, at *8 (S.D. Fla. June 29, 2020), *report and recommendation adopted*, 2020 WL 6120554 (S.D. Fla. July 21, 2020).

On that note, the locus of operative facts—the fourth *Manuel* factor—weighs slightly in favor of transfer. *See Manuel*, 430 F.3d at 1135 n.1. Defendant Brown contends that the operative facts in this action are that the issuance of the policy to Lime Creek and Lime Creek's alleged failure to provide timely notice of the underlying lawsuit, both of which occurred in the Albany Division. [Doc. 11, pp. 9–10]. Owners disagrees, arguing that the operative facts in this case include the car accident in Monroe County that gave rise to the underlying action. [Doc. 13, p. 8].[2] The Court doesn't need to adjudicate what happened in the underlying car accident to resolve this particular dispute; its sole task is to compare the policy with the allegations in the underlying complaint. *See Penn-Am. Ins. Co. v. Disabled Am. Veterans, Inc.*, 490 S.E.2d 374, 376 (Ga. 1997) (citation omitted). The policy was issued in the Albany Division, the underlying complaint was filed there, and any failure to timely provide notice occurred there as well, so this factor weighs in favor of transfer.

---

[2] In response to Defendant Brown's argument for transfer under Local Rule 3.4, Owners asserts that "this Court has previously held that, in insurance coverage cases involving questions of contract interpretation, the location of the subject accident renders venue proper." [Doc. 13, p. 3 (first citing *Nationwide Mut. Fire Ins. Co. v. Patriquin*, No. 1:10-CV-152 (WLS), 2011 WL 13153115, at *5 (M.D. Ga. Feb 24, 2011); and then citing *Beasley v. Cont'l Cas. Co.*, No. 4:10-CV-19(CDL), 2010 WL 1931107, at *3 (M.D. Ga. May 12, 2010))]. But those cases don't go quite that far, and they certainly don't establish any such bright-line rule. While those decisions may have assumed that the underlying incident also gave rise to the coverage dispute, that was not the holding in either case.

As noted above, Owners does not reside in the Macon Division. [Doc. 1, ¶ 6]. And even if the Court were to agree with Owners that the underlying car accident can be said to have given rise to this action, certainly the issuance of the policy, the filing of the complaint, and Lime Creek's alleged late notice all occurred in the Albany Division. Thus, the Court affords little deference to Owners' choice of forum and, in light of the other factors, concludes that the balance tips strongly in favor of transfer.

### 5. Other Factors

To wrap up, the remaining factors are either neutral or tip the scale further in favor of transfer. The relative means of the parties—the sixth *Manuel* factor—clearly weighs in favor of transfer. *See Manuel*, 430 F.3d at 1135 n.1. Four of the Defendants are small businesses, Defendant Holton is in prison, and Defendant Brown claims to have limited means—at least in part due to her medical bills resulting from the underlying car accident. [Doc. 11, p. 10]. There is no indication that trial efficiency or docket congestion favors one division over the other, and the Macon and Albany Divisions are equally familiar with the governing law, so the seventh and ninth *Manuel* factors are neutral. *See Manuel*, 430 F.3d at 1135 n.1.

### B.  Motion to Transfer Under Local Rule 3.4

Defendant Brown also moves to transfer under Local Rule 3.4. [Doc. 11, Section II.A]. That rule directs the "clerk of court . . . to transfer to the appropriate division any

civil case that is filed in a division in which neither the plaintiff or defendant resides nor the claim arose." LR 3.4, MDGa.

According to Defendant Brown, transfer is mandatory here because "every party who resides in Georgia resides in the Albany Division," and Owners' claim arose there as well—since "[t]he subject policy was issued to Defendant Lime Creek in Crisp County" and "the underlying lawsuit . . . is being litigated in Worth County." [*Id.* at pp. 4–5]. Owners disagrees, arguing that the coverage questions at issue in this action relate to the underlying car accident, which occurred in the Macon Division. [Doc. 13, p. 3]; *see supra* note 2.

The Court has serious doubts that Local Rule 3.4 requires the Court to do anything at all. *See* LR 3.4, MDGa. But because transfer is warranted under § 1404, the Court need not decide that issue.

## CONCLUSION

Having weighed the relevant factors, the Court concludes that the interests of justice would be best served by transferring this case. Accordingly, the Court **GRANTS** Defendant Brown's Motion to Transfer [Doc. 11] and **DIRECTS** the Clerk of Court to transfer this action to the Albany Division.

**SO ORDERED**, this 27th day of June, 2025.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**